**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 21-51 |
| | ) |
| AARON SHEFLER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I.      Introduction

Pending before the court is a motion for early termination of supervised release[1] filed by counsel on behalf of defendant Aaron Shefler ("Shefler") (ECF No. 2). Shefler argues that his term of supervised release should be terminated because he is married and has two children, owns and operates two businesses, and has complied with all conditions of his supervision. The government filed a response in opposition (ECF No. 5), contending that early termination of Shefler's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a) and that Shefler failed to meet his burden to articulate grounds for early termination. Shefler's motion for early termination of supervised release is fully briefed and ripe to be decided by the court. For the reasons set forth in this opinion, Shefler's motion for early termination of supervised release will be denied without prejudice to refile.

---

[1] The motion is captioned incorrectly as a motion to terminate probation. It is undisputed that Shefler is serving a term of supervised release.

II.     **Procedural History**

On December 13, 2006, in the United States District Court for the Northern District of New York, Shefler was charged in a superseding indictment with: (1) conspiracy to distribute more than 100 kilograms of marijuana; (2) possession of a firearm in furtherance of drug trafficking; and (3) possession of a firearm by an unauthorized drug user.  On April 29, 2009, Shefler pleaded guilty to all counts.  On October 15, 2009, that court sentenced Shefler to a total term of imprisonment of 138 months (the statutory mandatory minimums for counts 1 and 2 – which had to be consecutive – resulted in a total mandatory term of 120 months), followed by a total term of supervised release of 5 years.  In 2015, Shefler's total term of imprisonment was reduced to 123 months.  His total term of supervised release remained 5 years.

Shefler was released from prison in October 2018.  His case was transferred to this court in November 2018.  There was no activity on the docket until the pending motion.  Shefler has completed roughly half of his term of supervised release, which is scheduled to expire in October 2023.

"Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).  This court did not impose the original sentence and, therefore, its information is limited to Shefler's presentence investigation report ("PIR"), the docket records provided by the transferring court (ECF No. 1), and the materials submitted by the parties.  The Judgment reflects a recommendation that Shefler participate in substance abuse treatment.  This court does

not have access to the statement of reasons for imposing the original sentence or the subsequent reduction of Shefler's prison term.

### III. Discussion

#### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[2] under 18 U.S.C. § 3583(e). United States v. Melvin, No. 20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

---

[2]    Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

3

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals recently clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances ***must*** be shown." Id. (emphasis added).[3] In other words, "a district court

---

[3] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Shefler's term of supervised release is warranted by his conduct and in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Shefler was a leader or organizer of a serious drug conspiracy which involved large quantities of marijuana and firearms. As set forth in the PIR, one co-conspirator obtained 20 loads for Shefler, each containing 100 pounds or more of marijuana. In April 2006, officers seized over $300,000 in U.S. currency from the conspirators. Drugs and guns are a bad combination that presents a serious danger to the community. The sentencing court imposed a lengthy term of imprisonment and a 5-year term of supervised release. The mandatory minimum term of supervised release required by statute was 4 years. The court is aware of the challenges in daily living posed by Shefler's medical condition. The court recognizes that Shefler has engaged in substantial rehabilitative efforts and now owns and operates two businesses and has a supportive family. The court applauds Shefler's efforts and urges him to continue.

Based upon the information presented to this court, Shefler has led a law-abiding life since his release from imprisonment. The serious nature of his crimes, however,

weighs against the early termination of his supervised release.  As the government points out, the fact of his compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Shefler received the benefit of a reduction in his term of imprisonment, from 138 months to 123 months.  The sentencing court never reduced the term of supervised release, which remained 5 years.  A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant.  Under those circumstances, early termination of Shefler's supervision is not warranted.

> **3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)**

There is no evidence that this factor warrants early termination of supervised release, particularly in light of the statutory mandatory minimum of 4 years.

> **4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).**

The parties did not discuss any pertinent policy statements.

> **5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).**

There is no evidence that Shefler's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, particularly in light of the statutory mandatory minimum of 4 years of supervised release.

> 6. **The need to provide restitution to any victims of the offense, § 3553(a)(7).**

This factor is not applicable.

> C. **Whether early termination is warranted and in the interest of justice**

In support of his motion, Shefler asserts that he abided by all conditions of supervised release. Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Shefler did not articulate any particular hardship that he experiences due to the terms of his supervision. If there is a particular adverse impact, Shefler should explore with his probation officer whether his conditions may be modified to address his concern. Shefler's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crimes, the need to deter criminal conduct, and the safety of the community, the interests of justice are best served by him completing his term of supervised release.

## IV. Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 2) without prejudice.

An appropriate order follows.

Dated: March 17, 2021							BY THE COURT:

								<u>/s/ JOY FLOWERS CONTI</u>
								Joy Flowers Conti
								Senior United States District Judge